**Sahak NORTIKYAN; Azniv Mosinyan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73184.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

Aris Artounians, Law Office of Aris Artounians, Glendale, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jacqueline R. Dryden, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., John F. De Pue, Esq., U.S. Department of Justice Criminal Division, Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Sahak Nortikyan, a native of Syria and citizen of Armenia, and his wife, Azniv Mosinyan, a native and citizen of Armenia, petition for review of the order of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for substantial evidence the determination of an applicant's eligibility for withholding of removal. See Hakeem v. INS, 273 F.3d 812, 816 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's determination that extraordinary circumstances prevented petitioners from filing their asylum application within one year of entering the United States. See 8 U.S.C. § 1158(a)(3); Ramadan v. Gonzales, 427 F.3d 1218, 1222 (9th Cir.2005).

Petitioners' evidence does not compel the conclusion that they are eligible for withholding of removal because they did not establish that it is more likely than not that they would be persecuted on account of an enumerated ground if returned to Armenia. See Hakeem, 273 F.3d at 816–17.

■ We lack jurisdiction to consider petitioners' challenge to the denial of CAT relief because they did not exhaust it before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).

To the degree petitioners contend that the BIA's streamlined decision indicates that their claims were not considered, this contention is foreclosed by Falcon Carriche v. Ashcroft, 350 F.3d 845, 850 (9th Cir.2003).

Nortikyan's voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. See Desta v. Ashcroft, 365 F.3d 741 (9th Cir.2004).

Petitioners' December 27, 2005 motion to hold the petition for review in abeyance so they may request the government to file a joint motion to reopen is denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.